**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

YEANDRO ALBERTO RUBIO-JAIMES,

Petitioner,

v. No. 2:26-cv-00241-DHU-JMR

WARDEN, Otero County Processing Center;
MARY DE ANDA-YBARRA, Field Officer Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; and PAMELA BONDI, U.S. Attorney General,

Respondents.

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Yeandro Alberto Rubio-Jaimes' *pro se* Petition for Writ of Habeas Corpus ("Habeas Petition"). Doc. 1. Petitioner alleges that he has been unlawfully detained without a bond hearing. *Id.* at 6. He asks this Court to order Respondents to release him from immigration custody, or, in the alternative, order Respondents to provide him with a prompt and constitutionally adequate bond hearing. *Id.* at 7. Having considered the parties' briefs and the relevant law, the Court **GRANTS IN PART** Petitioner Yeandro Alberto Rubio-Jaimes' *pro se* Petition for Writ of Habeas Corpus, and orders Respondents to provide Petitioner with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a) within seven (7) days.[1]

[1] On March 27, 2026, Petitioner also filed a Motion for Status Review and Request for Expedited Consideration. Doc. 9. Because the Court has already reviewed this case and is issuing its decision in this Order, the Court **DENIES** the Motion (Doc. 9) **AS MOOT**.

# I.
# BACKGROUND

Because the parties' briefing contains limited facts, the Court provides the following limited factual background:

1. Petitioner Yeandro Alberto Rubio-Jaimes is a native and citizen of Venezuela who entered the United States without inspection on an unknown date. Since his entry, Petitioner has accrued no criminal history. *Id.* at 2, 6.
2. Shortly after his entry, Petitioner was detained by immigration officials, subsequently granted a form of parole, and released. *Id.* at 2. Since the grant of his parole, Petitioner has complied with all his parole requirements. *Id.* at 6.
3. Petitioner was re-detained by immigration officials on an unknown date.
4. On April 4, 2025, Petitioner was transferred to the Otero County Processing Center in Chaparral, New Mexico, where he remains detained. *Id.* at 2, 4.
5. On October 29, 2025, Petitioner had his individual hearing before the Otero Immigration Court, IJ Brock Taylor ("IJ Taylor"). *Id.* at 6; Doc. 7 at 4-7. IJ Taylor granted Petitioner Withholding of Removal and entered a Withholding of Removal Order. Doc. 1 at 6; Doc. 7 at 4. The Government reserved its right to appeal the Withholding of Removal Order, which was due by November 28, 2025. Doc. 7 at 7. The Government appealed. Doc. 1 at 5.
6. In December 2025, while at Otero, Petitioner developed facial paralysis. *Id.* at 7. He has been diagnosed with Bell's palsy. Doc. 8 at 2, 15.
7. Also, while at Otero, Petitioner submitted a bond redetermination request. Doc. 7 at 8.
8. On January 15, 2026, Petitioner had a bond hearing before the Otero Immigration Court, IJ Taylor. *Id.* at 8-9. IJ Taylor denied Petitioner bond finding that he lacked jurisdiction to

consider bond pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id.* at 8.

On February 2, 2026, Petitioner filed a *pro se* Habeas Petition. Doc. 1. In his Habeas Petition, Petitioner alleges that he has been unlawfully detained without a bond hearing where an IJ can determine whether he is a danger or a flight risk. *Id.* at 6. Construed liberally, the Court understands that Petitioner is challenging his detention without a bond hearing as a violation of the Immigration and Nationality Act ("INA"). *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). Petitioner further alleges that his continued and prolonged detention without a bond hearing violates his due process rights. Doc. 1 at 6. Petitioner asks the Court to order Respondents to release him from immigration custody, or, in the alternative, order Respondents to provide him with a prompt and constitutionally adequate bond hearing. *Id.* at 7.

On February 18, 2026, USA Respondents filed their response to the Habeas Petition. Doc. 7. Warden Castro joined the response. Doc. 6. In their response, Respondents acknowledge that Petitioner is subject to the detention provisions of § 1225 or § 1226. *Id.* at 1. Relying on the BIA's decision in *Matter of Yajure Hurtado*, Respondents' position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because he was present in the United States without being admitted or paroled. *Id.* at 2. However, Respondents also acknowledge that this Court reached the opposite conclusion in *Requejo Roman v. Castro*, --F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026). *Id.* Respondents also concede that the facts of this case "are not materially distinguishable [from *Requejo Roman*] for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.* Respondents further concede that

that the legal issues in this case are similar to the issues addressed by this Court in *Vega Uribe v. Noem*, No. 2:25-cv-01139-DHU-KRS, 2026 WL 127621 (D.N.M. Jan. 16, 2026). *Id.* at 2 n. 1.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing that he is being detained without a bond hearing in violation of the INA and the Due Process Clause.

The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.
## DISCUSSION

This case is not the first of its kind in this Court. In fact, as Respondents acknowledge, the Court has already considered the statutory and constitutional issues raised by Petitioner. *See Requejo Roman*, --F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026); *see also Velasquez Salazar v. Dedos et al.*, --F.Supp.3d--, 2025 WL 2676729 (D.N.M. 2025); *Vega Uribe v. Noem*, No. 2:25-cv-01139, 2026 WL 127621 (D.N.M. Jan. 16, 2026); *Mendoza Rivas v. Noem*, No. 2:25-cv-01311 (D.N.M. Feb. 2, 2026); *Garcia Sanchez v. Noem*, No. 2:25-cv-01293 (D.N.M. Feb. 5, 2026); *Chen v. Unknown Warden*, No. 1:26-cv-00125 (D.N.M. Feb. 19, 2026); *Castellanos Haro v. Noem*, No.

2:26-cv-00175 (D.N.M. Feb. 26, 2026). The facts here are not materially different than those the Court analyzed in previous cases. Accordingly, the Court's conclusion is the same.

Following this Court's decisions in *Requejo Roman* and others, as well as the decisions of the vast majority of federal courts in the Tenth Circuit that have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under 8 U.S.C. § 1226 and are entitled to a bond hearing.[2] Petitioner, who entered the United States some time ago, is properly detained pursuant to § 1226 and therefore entitled to a bond hearing. Respondents' misclassification of Petitioner under § 1225 and the resultant denial of a bond hearing deprived Petitioner of his right to due process.

Petitioner requests that this Court order his release because he was previously released on some type of parole. Doc. 1 at 2. The parties' briefing, however, does not provide the Court with sufficient information to determine the nature of his parole or the liberty interest—and attendant due process rights—that may or may not have accrued during his time on release. Accordingly, based on the facts before it, the Court finds that a bond hearing, rather than release, is the appropriate remedy. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893 (1976), favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to its decision, see *Requejo Roman*, --F. Supp. 3d --, 2026 WL 125681.

---

[2] The Court acknowledges that the Fifth Circuit and Eight Circuit Court of Appeals have analyzed this issue and reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, --F.4th--, 2026 WL 819258 (8th Cir. Mar. 5, 2026). The Tenth Circuit Court of Appeals, however, has not yet addressed the issue.

## IV.
## CONCLUSION

For the reasons stated above, and articulated in greater detail in *Requejo Roman*, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Monday, April 13, 2026, he shall be immediately released. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. The assigned IJ is hereby ordered not to deny bond based solely on a lack of jurisdiction under the Board of Immigration Appeals' decision in *Matter of Hurtado*.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Monday, April 13, 2026, confirming whether a bond hearing was held and the result of said hearing.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE